IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANNY RAY KINZER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-577-*** |
| | ) |
| D.C.C. MEDICAL UNIT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

Plaintiff Danny Ray Kinzer, Jr. ("Kinzer"), an inmate at the Delaware Correctional Center filed this action on September 14, 2006 He appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint will be dismissed without prejudice for failure to state a claim up which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Kinzer is given leave to amend the complaint.

I. **THE COMPLAINT**

Kinzer alleges that he has placed numerous sick call slips for bad acne and problems with his right leg, to no avail. He also filed medical grievances, but has not been told the results. Kinzer alleges that his life is at risk for being denied medical care. Named as the sole defendant is the D.C.C. Medical Unit.

II. **STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a

civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

Kinzer names as a party defendant the D.C.C. Medical Unit. To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The claim against the D.C.C. Medical Unit is barred by *Will v. Michigan Department of State Police*, 491 U.S. 58, 69 (1989), which holds that neither states nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983. *See Evancho*

*v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). The D.C.C. Medical Unit is part and parcel of the Delaware Department of Correction which in turn is an agency of the State of Delaware. It is not a "person" as required under 42 U.S.C. § 1983.

Therefore, the claim is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Inasmuch as Kinzer attempts to allege an Eighth Amendment deliberate indifference to a serious medical need claim, he is given leave to amend the complaint.

## IV.  CONCLUSION

For the above stated reasons the court finds that the complaint fails to state a claim upon which relief may be granted. Kinzer will be given leave to amend the complaint. An appropriate order will be entered dismissing the case.

_____
UNITED STATES DISTRICT JUDGE

_____, 2007
Wilmington, Delaware

FILED

JAN 1 6 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANNY RAY KINZER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-577-*** |
| | ) |
| D.C.C. MEDICAL UNIT, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 12th day of Jan., 2007, for the reasons set forth in the Memorandum issued this date

1. The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. Kinzer is given leave to amend the complaint. The amended complaint shall be filed within **thirty days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

UNITED STATES DISTRICT JUDGE



FILED
JAN 1 6 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE